IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SHANNON COX                                                                                         PLAINTIFF

v.                                         Civil No. 4:21-cv-04021

SHERIFF JACKIE RUNION, MILLER COUNTY,
ARKANSAS; WARDEN JEFFIE WALKER;
CAPTAIN GOLDEN ADAMS; and
NURSE STEVEN KING                                                                           DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to obey two Court orders. Plaintiff Shannon Cox filed this 42 U.S.C. § 1983 action *pro se* on March 11, 2021. (ECF No. 1). Plaintiff's application to proceed *in forma pauperis* was granted that same day (ECF No. 3), and the Court ordered Plaintiff to file an Amended Complaint by April 1, 2021. (ECF No. 6). The order informed Plaintiff that failure to do so would result in dismissal of Plaintiff's Complaint. To date, the order has not been returned as undeliverable and Plaintiff has not filed an Amended Complaint.

On April 6, 2021, the Court ordered Plaintiff to show cause by April 16, 2021, as to why she failed to comply with a court order directing her to file an Amended Complaint. (ECF No. 7). The order informed Plaintiff that failure to show cause by the Court's imposed deadline would result in the case being dismissed without prejudice. To date, Plaintiff has not responded, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 26th day of April, 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge